DISCIPLINARY COUNSEL *v.* SIMMONDS.

[Cite as *Disciplinary Counsel v. Simmonds*, ___ Ohio St.3d ___,

2017-Ohio-831.]

(No. 2016-0259—Submitted March 1, 2017—Decided March 9, 2017.)

ON NOTICE OF VIOLATION.

_____

{¶ 1} On September 1, 2016, the court suspended respondent, Rasheed Asani Simmonds, from the practice of law for a period of one year, with the entire suspension stayed on the conditions that respondent (1) remain engaged with the Ohio Lawyers Assistance Program ("OLAP") and comply with the terms and conditions of his OLAP contract, (2) provide proof to relator within 90 days of the disciplinary order that he paid restitution to Mary Baskin in the amount of $1,500 and to Dawn Jones in the amount of $975, (3) refrain from further misconduct, and (4) pay the costs of these proceedings. The court further ordered that if respondent failed to comply with any condition of the stay, the stay would be lifted and he would serve the entire one-year suspension.

{¶ 2} On January 5, 2017, relator, disciplinary counsel, filed a notice of violation and motion to lift stay. Upon consideration thereof, it is ordered and adjudged by this court that respondent, Rasheed Asani Simmonds, Attorney Registration No. 0067797, last known business address in Cincinnati, Ohio, is found in contempt for failure to comply with the court's September 1, 2016 order. It is further ordered that the previously imposed stay of the suspension is revoked and that respondent shall serve the entire one-year suspension.

{¶ 3} It is further ordered that respondent immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf

of another before any court, judge, commission, board, administrative agency, or other public authority.

**{¶ 4}** It is further ordered that respondent is hereby forbidden to counsel, advise, or prepare legal instruments for others or in any manner perform legal services for others.

**{¶ 5}** It is further ordered that respondent is hereby divested of each, any, and all of the rights, privileges, and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

**{¶ 6}** It is further ordered that before entering into an employment, contractual, or consulting relationship with any attorney or law firm, respondent shall verify that the attorney or law firm has complied with the registration requirements of Gov.Bar R. V(23)(C). If employed pursuant to Gov.Bar R. V(23), respondent shall refrain from direct client contact except as provided in Gov.Bar R. V(23)(A)(1) and from receiving, disbursing, or otherwise handling any client trust funds or property.

**{¶ 7}** It is further ordered by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against respondent by the Lawyers' Fund for Client Protection pursuant to Gov.Bar R. VIII(7)(F). It is further ordered by the court that if after the date of this order the Lawyers' Fund for Client Protection awards any amount against respondent pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Lawyers' Fund for Client Protection within 90 days of the notice of such award.

**{¶ 8}** It is further ordered that, pursuant to Gov.Bar R. X(13), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(13), respondent shall complete one credit hour of instruction related to professional conduct required by

Gov.Bar R. X(3)(B) for each six months, or portion of six months, of the suspension.

{¶ 9} It is further ordered that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio, (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio, (3) respondent complies with this and all other orders of the court, and (4) this court orders respondent reinstated.

{¶ 10} It is further ordered that on or before 30 days from the date of this order, respondent shall do the following:

{¶ 11} 1.   Notify all clients being represented in pending matters and any co-counsel of respondent's suspension and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

{¶ 12} 2.   Regardless of any fees or expenses due, deliver to all clients being represented in pending matters any papers or other property pertaining to the client or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

{¶ 13} 3.   Refund any part of any fees or expenses paid in advance that are unearned or not paid and account for any trust money or property in respondent's possession or control;

{¶ 14} 4.   Notify opposing counsel or, in the absence of counsel, the adverse parties in pending litigation of respondent's disqualification to act as an attorney after the effective date of this order and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

**{¶ 15}** 5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

**{¶ 16}** 6. File with the clerk of this court and disciplinary counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of the notices required herein, and setting forth the address where the respondent may receive communications; and

**{¶ 17}** 7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

**{¶ 18}** It is further ordered that respondent shall keep the clerk and disciplinary counsel advised of any change of address where respondent may receive communications.

**{¶ 19}** It is further ordered that service shall be deemed made on respondent by sending this order, and all other orders in this case, to respondent's last known address.

**{¶ 20}** It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(17)(D)(1) and that publication be made as provided for in Gov.Bar R. V(17)(D)(2).

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____